UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MORRIS, | No. 2:16-cv-0781-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and requests appointment of counsel. He also seeks leave to amend his complaint.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Request for Appointment of Counsel**

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional

1

circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

**III.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

/////

1   Furthermore, a claim upon which the court can grant relief must have facial plausibility.
2   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
3   content that allows the court to draw the reasonable inference that the defendant is liable for the
4   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
5   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
6   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
7   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**IV.   Screening Order**

Plaintiff has filed a motion to amend the original complaint, accompanied by a proposed first amended complaint.  ECF Nos. 7, 8.  Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, plaintiff may amend his pleading once as a matter of course.  Accordingly, the motion to amend is denied as unnecessary, and the court will screen the amended complaint pursuant to 28 U.S.C. § 1915A.  Under the applicable standards discussed below, plaintiff's allegations are either not sufficient to state a proper claim for relief or are improperly joined.

In the amended complaint, plaintiff alleges that he had taken OxyContin for approximately three years prior to his incarceration following an operation to remove bullet fragments from his cranium.  ECF No. 7 at 4-5.  Upon his incarceration, plaintiff received "chronic pain prescription medications, and opioid medication, morphine" to manage his pain. *Id.* at 5.  Plaintiff was then transferred to the California Medical Facility ("CMF"). *Id.*  Defendant Sanders, his primary care physician at CMF, has a policy of not providing narcotics to inmates for pain. *Id.*  For over three years, Sanders has denied plaintiff's requests for an appointment with a pain specialist and for continued "chronic pain" treatment. *Id.*  Plaintiff experiences excruciating pain on a daily basis. *Id.* at 7.

In responding to plaintiff's administrative appeal, defendant Lewis informed plaintiff that primary care providers are qualified to treat inmates with chronic and acute pain and that a specialist's diagnosis was not needed because plaintiff was evaluated by the Pain Management Committee. *Id.* at 7, 23-24.  Plaintiff alleges that this policy of substituting a committee for a specialist's diagnosis is "a relinquishment of duty of care . . . ." *Id.* at 9-10.  Lewis also informed

1    plaintiff that it is generally not possible to relieve all pain in patients with chronic pain and the
2    goal of treatment is to maximize function while avoiding the serious side effects of the stronger
3    pain medications and/or procedures. *Id.* at 9.
4          Plaintiff also alleges that defendants Purdue Pharmaceuticals and Abbott Laboratories
5    negligently designed a defective product and failed to disclose the dangers and addictive potential
6    of OxyContin, in violation of various state and federal laws. *Id.* at 12, 14.
7          In another totally unrelated claim, plaintiff sues Scott Kernan, the CDCR Secretary, for
8    breaching the confidentiality of plaintiff's personal information and medical records when an
9    unencrypted laptop was stolen from the vehicle of a California Corrections Health Care Services
10   ("CCHCS") employee. *Id.* at 6. Plaintiff alleges that following the breach, there were
11   "unauthorized transactions" on his "credit record." *Id.* at 11. Attached to the complaint is a letter
12   from CCHCS notifying plaintiff of this "potential breach." *Id.* at 36. The letter noted that the
13   laptop was password protected, and informed plaintiff as follows:

> We do not know if any sensitive information was contained in the laptop. To the extent any sensitive information may have been contained in the laptop, we do not know if the information included any of your information. If your information was included, the nature of the information may have included confidential medical, mental health, and custodial information. To the extent any sensitive information may have been contained in the laptop, we estimate that it would have been limited to information related to your custody and care, if any, between 1996 and 2014.

*Id.*

      The court first notes that the allegations against defendants Sanders and Lewis are not sufficient to state a proper claim for relief. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.

4

1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Significantly, there are no constitutional requirements regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  Thus, plaintiff may not impose liability on defendant Lewis simply because he played a role in processing plaintiff's appeals or because the appeals process was otherwise rendered unfair.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)).

Moreover, plaintiff's allegations fail to show that either defendant is liable on an Eighth Amendment medical care claim.  To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.  *Id.*

1    It is not clear from the complaint what pain medication defendant Sanders provided to
2 plaintiff, if any, and whether or not Sanders was aware that plaintiff was in excruciating pain
3 without a narcotic pain medication.  Nor does plaintiff allege why Sanders had a no-narcotic pain
4 policy.  Plaintiff complains that only OxyContin could effectively treat his pain.  Plaintiff does
5 not demonstrate that that anyone responded to his medical needs with the requisite deliberate
6 indifference.  It is important to differentiate common law negligence claims of malpractice from
7 claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual
8 punishment.  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice'
9 will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th
10 Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976)); *see also Toguchi v. Chung*,
11 391 F.3d 1051, 1057 (9th Cir. 2004).

12    Plaintiff also alleges unrelated claims against Kernan, Purdue Pharmaceuticals, and
13 Abbott Laboratories.  Those claims are not sufficiently related to plaintiff's claims that he was
14 denied an appointment with a pain specialist and for continued chronic pain treatment, as they
15 involve discrete events that do not arise out the same occurrence *and* involve a common question
16 of law or fact.[1]   *See* Fed. R. Civ. P. 20(a)(2).  Plaintiff is granted leave to amend his claims
17 against these defendants only if he can cure these defects.   Otherwise, plaintiff must pursue his
18 claims against these defendants in a separate action.

19    For these reasons, the complaint is dismissed with leave to amend.  Plaintiff will be
20 granted leave to file an amended complaint, if he can allege a cognizable legal theory against a
21 proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*,

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

1   203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an

2   opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to

3   file an amended complaint, the amended complaint shall clearly set forth the claims and

4   allegations against each defendant.  Any amended complaint must cure the deficiencies identified

5   above and also adhere to the following requirements:

6       Any amended complaint must identify as a defendant only persons who personally

7   participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

8   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

9   constitutional right if he does an act, participates in another's act or omits to perform an act he is

10  legally required to do that causes the alleged deprivation).

11      It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

12      Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George*

13  *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

14      Any amended complaint must be written or typed so that it so that it is complete in itself

15  without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended

16  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

17  earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

18  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

19  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

20  1967)).

21      The court cautions plaintiff that failure to comply with the Federal Rules of Civil

22  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

23  *See* E.D. Cal. Local Rule 110.

24  **V.    Summary of Order**

25      Accordingly, IT IS HEREBY ORDERED that:

26      1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

27  /////

28  /////

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's request for the appointment of counsel (ECF No. 3) is denied.

4. Plaintiff's motion to amend (ECF No. 8) is denied as unnecessary.

5. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure state a claim and/or failure to prosecute.

Dated: February 6, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE